**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAQUAN BRIMLEY,<br>Plaintiff,<br>v.<br>MARKWAYNE MULLIN,<br>Defendant. | Case No. 2:26-cv-05627 (BRM) (JSA)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** is before the Court on the issue of Plaintiff Shaquan Brimley's ("Plaintiff") service of Summons (ECF No. 3) on Defendant Markwayne Mullin ("Defendant"), Secretary of Homeland Security. The Court is in receipt of and has reviewed Plaintiff's return of service (ECF No. 11) which it has determined to be ineffective.

Regardless of whether the United States employee is being sued in his official or individual capacity, the plaintiff must serve the United States pursuant to Fed. R. Civ. P. 4(i)(1). To serve the United States, the plaintiff must: (1) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought, *i.e.*, the District of New Jersey, or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office, and (2) send a copy of each by registered mail to the Attorney General of the United States at Washington D.C. Fed. R. Civ. P. 4(i)(1)(A)–(B).

Additionally, to serve a United States officer or employee sued only in an *official* capacity, a party must also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee. Fed. R. Civ. P. 4(i)(2). To serve a United States officer or employee sued in an *individual* capacity for an act or omission occurring in connection

with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States as mentioned above, and also serve the officer or employee. Fed. R. Civ. P. 4(i)(3).

Service on an individual must be made either by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). In general, for a description of persons authorized to accept service on behalf of the officers or employees of Homeland Security, *see* 6 C.F.R. § 5.42(a).

Here, Plaintiff did not serve the named defendant, Markwayne Mullin. Rather, he attempted service on Todd F. Smith, who appears to be a Deputy Associate Chief Counsel for Customs and Border Patrol, by mailing the summons by certified mail to his office at the World Trade Center in New York City and by email to his government email address. These methods of service do not comply with Federal Rule of Civil Procedure 4(e) and are not sufficient to serve Defendant Mullin. While it is unclear from the complaint whether Plaintiff is suing Defendant in his personal or official capacity, in either case, Plaintiff has also failed to serve the United States pursuant to Federal Rule of Civil Procedure 4(i)(1). The Court has already extended Plaintiff's deadline to serve and directed Plaintiff to the requirements of Rule 4(i). Any further failure to comply with the above-mentioned service requirements will result in the dismissal of this action.

Accordingly, and for good cause appearing,

**IT IS** on this 16th day of November 2026,

**ORDERED** that Plaintiff is granted an additional 30 days from the date of this order to serve Defendant and file proof of service with the Court. Failure to do so will result in the matter being dismissed and closed.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**